# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 17-160V
### Filed: December 12, 2017
UNPUBLISHED

|  |  |
|---|---|
| JOSEPH LAMONDE,<br><br>                Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                Respondent. | Special Processing Unit (SPU);<br>Damages Decision Based on Proffer;<br>Influenza (Flu) Vaccine; Shoulder<br>Injury Related to Vaccine<br>Administration (SIRVA) |

*Amy A. Senerth, Muller Brazil, LLP, Dresher, PA, for petitioner.*
*Darryl R. Wishard, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION AWARDING DAMAGES[1]

**Dorsey**, Chief Special Master:

On February 2, 2017, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that he suffered a left shoulder injury related to vaccine administration ("SIRVA"). Petition at 1-3. The case was assigned to the Special Processing Unit ("SPU") of the Office of Special Masters.

On August 25, 2017, a ruling on entitlement was issued, finding petitioner entitled to compensation for SIRVA. On December 12, 2017, respondent filed a proffer on award of compensation ("Proffer") indicating petitioner should be awarded $95,000.00. Proffer at 1. In the Proffer, respondent represented that petitioner agrees with the proffered award. Based on the record as a whole, the undersigned finds that petitioner is entitled to an award as stated in the Proffer.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Pursuant to the terms stated in the attached Proffer, **the undersigned awards petitioner a lump sum payment of $95,000.00 in the form of a check payable to petitioner, Joseph Lamonde.** This amount represents compensation for all damages that would be available under § 300aa-15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>**s/Nora Beth Dorsey**</u>
Nora Beth Dorsey
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

_____ )
)
JOSEPH LAMONDE,                      )
)
Petitioner,                          )          No. 17-160V ECF
)
v.                                   )          Chief Special Master Dorsey
)
SECRETARY OF HEALTH                  )
AND HUMAN SERVICES,                  )
)
Respondent.                          )
_____ )

**PROFFER ON AWARD OF COMPENSATION[1]**

## I.      Procedural History

On February 2, 2017, Joseph Lamonde ("petitioner") filed a petition for compensation ("Petition") under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34, *as amended*. He alleged that, as a result of receiving the influenza ("flu") vaccine on October 6, 2015, he suffered a left shoulder injury related to vaccine administration ("SIRVA"). Petition at 1-3. On August 24, 2017, respondent filed his Vaccine Rule 4(c) report, conceding causation-in-fact for a SIRVA to petitioner's left arm. On August 25, 2017, the Chief Special Master issued a ruling on entitlement, finding that petitioner was entitled to compensation for a SIRVA to petitioner's left arm.

## II.     Items of Compensation

Based upon the evidence of record, respondent proffers that petitioner should be awarded $95,000.00, which represents all elements of compensation to which petitioner would be entitled

---

[1] This Proffer does not include attorneys' fees and costs, which the parties intend to address after the Damages Decision is issued.

under 42 U.S.C. § 300aa-15(a).  Petitioner agrees.

## III.  Form of the Award

Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment of $95,000.00, in the form of a check payable to petitioner.[2] Petitioner agrees.

<div style="margin-left:40%">

Respectfully submitted,

CHAD A. READLER
Principal Deputy Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

CATHARINE E. REEVES
Deputy Director
Torts Branch, Civil Division

ALEXIS B. BABCOCK
Assistant Director
Torts Branch, Civil Division

*/s/Darryl R. Wishard*
DARRYL R. WISHARD
Senior Trial Attorney
Torts Branch, Civil Division
U. S. Department of Justice
P.O. Box l46, Benjamin Franklin Station
Washington, D.C.  20044-0146
Direct dial: (202) 616-4357
Fax: (202) 616-4310

</div>

Dated:  December 12, 2017

---

[2] Should petitioner die prior to entry of judgment, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering, and the parties reserve the right to move the Court for appropriate relief.